Boon *v.* Pierpont.

LAWRENCE A. BOON

*v.*

WILLIAM PIERPONT and others.

1. A misdescription of the metes and bounds of lands covered by a mortgage, in the deed of commissioners in partition, made in 1849, and also an erroneous reference to another deed by way of location, will not invalidate such mortgage, where the identity of the property is fixed by the descriptions in the other deeds of the commissioners, by the actual location, possession and occupation of the grantees since 1849, and by the description in defendant's own deed, which also declares that the premises are subject to the lien of the mortgage.

2. A defendant who postpones the hearing of a cause term after term, and on whom an order to close his testimony was duly served,

must be deemed to have waived all objections to complainant's not having strictly observed the rules of this court restricting the time for taking and filing evidence.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. M. P. Grey*, for complainant.

*Mr. F. Kingman*, for defendants.

The Chancellor.

The facts of this case appear by the report of the decision on the demurrer. *Boon* v. *Pierpont, 1 Stew. 7.* The proof sustains the bill. It is clear that in the conveyances of the mortgaged premises, from the time when they were sold by commissioners in partition in 1849, including the deed from the commissioners, the description of the property, so far as the metes and bounds and the reference, by way of fuller designation, to a deed said to have been made for the property by Sarah Dick to William Sherron, are concerned, was erroneous. But not only is the identity of the property not disputed, but by the proceedings in partition, by the other parts of the description in the deeds, by the actual location and by possession and occupation of the grantees ever since the time of the conveyance by the commissioners in partition, it is established. The defendant, William Pierpont, accepted his deed for the premises by the same description, and it declares that the property is subject to the lien of the complainant's mortgage. There will be a decree for the complainant for the principal of the mortgage and interest thereon, from October 26th, 1856.

The objections taken on the part of Pierpont and his wife, on the hearing, to the regularity of the proceedings in the suit, are not valid. They move that the testimony on the part of the complainant be stricken out (they have themselves taken none), because it was not begun within the time fixed

by the 80th rule, and because no order was taken authorizing the filing of the testimony. The testimony in question was duly taken on notice. It was closed June 1st, 1878. An order requiring the answering defendants to close their testimony in twenty days after service of a copy of the order, was taken December 23d, 1878. The cause was noticed for hearing three times after the expiration of the time so limited, and was continued each time at the request of the answering defendants.

The testimony on the part of the complainant was filed January 25th, 1879. It was not filed within the time fixed by the rule (the 93d), nor was any order taken that it be filed. But it is not alleged that the answering defendants were not fully acquainted with it, nor that they did not know it was filed, and no reason whatever is urged in favor of the motion except the non-observance of the rule. The answering defendants must, under the circumstances, be regarded as having waived any claim to insist upon the observance of the rule; and, moreover, the rule would not be enforced under such circumstances as this case presents.

As to the objection that the taking of the testimony was not begun within the time limited by the 80th rule: That rule was intended to expedite the taking of testimony in suits, and so to secure the parties against unreasonable delay. But if the defendant desires to avail himself of the failure of the complainant to observe the rule, he must apply to the court in the premises without unreasonable delay. If he fails to do so, the cause proceeds as causes proceeded before the rule was made.· Where, as in this case, the objection is not made until after the testimony has been taken and filed, and the defendant having been required to take his testimony within a limited period has failed to take ·any, and the cause has been set down term after term, and continued at the request of the defendant, the objection of course cannot prevail.